MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV
Counsel for Wage and Hour
ANDREW M. KATZ (CSBN 350024)
Senior Trial Attorney
NISHA PAREKH (CSBN 318393)
KARINA WEGMAN-SCHAAFF (DCBN 1618649)
Trial Attorneys
UNITED STATES DEPARTMENT OF LABOR
312 N. Spring Street, Suite 720
Los Angeles, CA 90012-4701
Telephone: (213) 894-3284
Katz.Andrew.m@dol.gov
*Attorneys for Plaintiff Julie A. Su,*
*Acting United States Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE A. SU,<br>Acting Secretary of Labor, United States Department of Labor<br><br>                                    Plaintiff,<br><br>        v.<br><br>A&J MEATS, a corporation; PRISCILLA HELEN CASTILLO, an individual; OLIMPIA BRAN, an individual; O'BRAN LEASING COMPANY, a company; and THE RIGHT HIRE, INC., a corporation,<br><br>                                    Defendants. | Case No. 2:24-cv-4507<br><br>**COMPLAINT TO ENJOIN OPPRESSIVE CHILD LABOR UNDER THE FAIR LABOR STANDARDS ACT**<br><br>Date: n/a<br>Time: n/a<br>Judge: |

# INTRODUCTION

Plaintiff Julie A. Su, Acting Secretary of Labor, U.S. Department of Labor ("Acting Secretary") brings this case to remedy Defendants' blatant violations of federal law prohibiting oppressive child labor. Defendants A&J Meats, O'Bran Leasing Company, Priscilla Helen Castillo, and Olimpia Bran (collectively, the "A&J Defendants"), own, operate and/or control a poultry and meat processing plant in Los Angeles County where employees debone and cut poultry for human consumption. Defendant The Right Hire, Inc. ("Defendant The Right Hire") is a staffing company that provides employees and payroll and timekeeping services for the A&J Defendants. Defendants willfully violated federal child labor protections by directing employees younger than 18 years of age to engage in the hazardous occupation of deboning poultry in meat coolers and by allowing at least one employee younger than sixteen years of age to work oppressive hours.

The Acting Secretary thus brings this case to rectify Defendants' actions with respect to their employees, competitors, and the significant public interests at state.

# NATURE OF THE ACTION

1.    The Acting Secretary brings this action under Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*., to enjoin Defendants from violating the provisions of Sections 12(c) and 15(a)(4) of the FLSA, 29 U.S.C. §§ 212(c), 215(a)(4).

# JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction of this action under Section 17 of the FLSA, 29 U.S.C. § 217. This Court also has subject matter jurisdiction of this action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1345 (United States as plaintiff).

3.     Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1391(b), because the events giving rise to the claims in this enforcement action occurred within this District.

## PARTIES

**Plaintiff Julie A. Su, Acting Secretary of Labor, U.S. Department of Labor**

4.     The Acting Secretary is charged with enforcing the FLSA to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[.]" 29 U.S.C. § 202(a). In bringing actions under the FLSA, the Acting Secretary represents not only the interest of the individual employees affected by an employer's violations of the law, but also the public interest, including the interests of employers whose ability to compete in compliance with the law is harmed by employers who flout minimum standards.

5.     The Acting Secretary of Labor is also specifically tasked with enforcement of the FLSA's child labor provisions, including bringing "all actions under section 217 [of the FLSA] to enjoin any act or practice which is unlawful by reason of the existence of oppressive child labor." 29 U.S.C. § 212(b).

**Defendant A&J Meats**

6.     Defendant A&J Meats is a California corporation with a principal office address at 15268 Proctor Ave., Suite A, City of Industry, CA 91745. Defendant A&J Meats operates a poultry processing facility (hereinafter "poultry processing facility") at this location. Defendant A&J employs employees who cut and debone poultry, package, move, and transport poultry, and clean its poultry facility.

7.     At all times relevant, Defendant A&J Meats is and has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in

relation to employees, including minor employees, who were unlawfully employed at Defendants' poultry processing facility.

### Defendant Priscilla Helen Castillo

8.     Defendant Priscilla Helen Castillo is an individual believed to reside in Los Angeles County, California. At all relevant times she is and was the owner and principal individual responsible for controlling and managing Defendant A&J Meats. At all relevant times, Defendant Priscilla Helen Castillo acted directly and indirectly in the interests of A&J Meats in relation to its employees, including determining employment practices, hiring, and firing employees, setting, and negotiating wages, and/or supervising, directing, and disciplining employees.

9.     Defendant Priscilla Helen Castillo is individually liable as an employer under Section 3(d), 29 U.S.C. § 203(d), in relation to minor employees who were unlawfully employed at the poultry processing facility.

10.    The claims against Defendant Priscilla Helen Castillo in this case arise out of and are directly related to her business activities in the jurisdiction of this Court.

### Defendant O'Bran Leasing Company

11.    Defendant O'Bran Leasing Company is a California corporation with a principal office address at 148 S. 8th Avenue Suite L, La Puente, California 91746. Defendant O'Bran Leasing Company owns and leases the property and facility located at 15268 Proctor Ave., Suite A, City of Industry, CA 91745, where Defendant A&J Meats operates its poultry processing facility. Defendant O'Bran Leasing Company acted directly and indirectly in the interests of A&J Meats in relation to its employees, including determining employment practices, hiring, and firing employees, setting, and negotiating wages, and/or supervising, directing, and disciplining employees.

12.     At all times relevant, Defendant O'Bran Leasing Company is and has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to minor employees who were unlawfully employed at Defendants' poultry processing facility.

**Defendant Olimpia Bran**

13.     Defendant Olimpia Bran is an individual believed to reside in Los Angeles County, California. Defendant Olimpia Bran is also the grandmother of Defendant Priscilla Helen Castillo. At all relevant times she is the principal individual responsible for controlling and managing Defendant O'Bran Leasing Company, which owns the property and facility where Defendant A&J Meats operates. At all relevant times, Defendant Olimpia Bran acted directly and indirectly in the interests of A&J Meats in relation to its employees, including determining employment practices, hiring, and firing employees, setting, and negotiating wages, and supervising, directing, and disciplining employees.

14.     Defendant Olimpia Bran is individually liable as an employer under Section 3(d), 29 U.S.C. § 203(d), in relation to minor employees who were unlawfully employed at the poultry processing facility.

15.     The claims against Defendant Olimpia Bran in this case arise out of and are directly related to her business activities in the jurisdiction of this Court.

**The Right Hire, Inc.**

16.     Defendant The Right Hire, Inc. is a California corporation with a principal office address at 8430 Telegraph Road, Downey, California 90241. Defendant The Right Hire, Inc. also maintains an office at 15268 Proctor Ave., Suite A, City of Industry, CA 91745. Defendant The Right Hire is a staffing agency that employs employees who cut and debone poultry, package, move, and transport poultry, and clean the facilities, for A&J Meats at its poultry processing facility.

17.    At all times relevant, Defendant The Right Hire, Inc. is and has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to minor employees who were unlawfully employed at the poultry processing facility.

### Defendants are a Single Enterprise Covered by the FLSA

18.    At all relevant times, Defendants O'Bran Leasing Company and its owner and principal Olimpia Bran leased the property and poultry processing facility located at 15268 Proctor Ave., City of Industry, CA 91745 to Defendant A&J Meats, owned by Olimpia Bran's granddaughter, Defendant Priscilla Helen Castillo, who in turn employed minors jointly with Defendant The Right Hire. Altogether, Defendants owned, operated, and/or controlled the poultry processing activities at the poultry processing facility for the common business purpose of deboning, cutting, and packaging poultry in Los Angeles County for distribution in Los Angeles County and beyond.

19.    As a result, Defendants are and have been an "enterprise," as defined in FLSA § 3(r), 29 U.S.C. § 203(r), with business activities that are related and performed through unified operation or common control for a common business purpose.

20.    At all relevant times, two or more employees of corporate Defendants have regularly and routinely handled or otherwise worked on goods or materials that have been moved in or produced for commerce, including food products.

21.    At all relevant times, Defendants' enterprise had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

22.    As a result, Defendants' employees are and at all relevant times have been employees in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

## Defendants Have Engaged in Oppressive Child Labor

23.    Since at least March 2024, Defendants employed minors under the age of eighteen at the poultry processing facility in hazardous occupations, in violation of Section 12 of the FLSA, 29 U.S.C. § 212. Specifically, Defendants employed at least four minors under the age of eighteen years who processed poultry and worked in freezers and meat coolers, which included the use of sharp knives to debone poultry.

24.    Defendants also employed at least one minor, under the age of sixteen-years of age, to work more than three (3) hours on school days, more than eighteen (18) hours in a week when school is in session, and/or and past 7:00 p.m. on workdays between Labor Day and June 1st.

## CLAIMS FOR RELIEF

### Oppressive Child Labor

25.    The Acting Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

26.    Defendants willfully violated Sections 12(c) and 15(a)(4) of the FLSA, 29 U.S.C. §§ 212(c) and 215(a)(4), by employing minor children under the age of eighteen, including a fifteen-year-old, in occupations, for periods, and under conditions which constitute oppressive child labor in an enterprise engaged in commerce or in the production of goods for commerce.

27.    Specifically, Defendants employed one or more minors under the age of sixteen years of age and suffered or permitted them to work more than three (3) hours on school days, more than eighteen (18) hours in a week when school is in

session, and/or and past 7:00 p.m. on workdays between Labor Day and June 1st. Defendants' employment of minor children under the conditions alleged violates 29 C.F.R. § 570.35(a) and constitutes oppressive child labor within the meaning of Section 12(c), 29 U.S.C. § 212(c).

28.    Defendants also employed at least four minors under the age of eighteen years of age and suffered or permitted them to debone poultry inside of meat coolers and freezers by using sharp knives, in violation of 29 C.F.R. § 570.33(i). Defendants' employment of these children constitutes oppressive child labor within the meaning of Section 12(c), 29 U.S.C. § 212(c).

## **PRAYER FOR RELIEF**

WHEREFORE, good cause having been shown, the Acting Secretary prays for judgment against Defendants as follows:

A. For an Order

1. Under Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the FLSA including Sections 12 and 15(a)(4), 29 U.S.C. §§ 212 and 215(a)(4).

2. Requiring Defendants to disgorge all ill-gotten profits earned from any sale of goods produced in an establishment where they employed oppressive child labor and thereafter moved this contraband into interstate commerce;

3. Requiring Defendants to pay all civil monetary penalties arising from their violations of the FLSA's prohibitions against oppressive child labor;

B.  For an Order awarding compensatory damages to minors who have suffered injuries and other losses due to Defendants' employment of them in violation of the FLSA's child labor prohibitions under Sections 12(c) and 15(a)(4) of the FLSA, 29 U.S.C. §§ 212(c) and 215(a)(4).

C.  For an Order requiring Defendants to permit the Department of Labor, or an organization appointed by the Department of Labor, to provide know-your-rights trainings to Defendants' employees within six months of any injunction, judgment, or order in this action, and this lawsuit;

D.  For an Order requiring all individual Defendants to obtain third-party training on FLSA compliance within six months of any injunction, judgment, or order in this action, and this lawsuit;

E.  For an Order requiring Defendants to hire a third-party auditor to review its employee timekeeping and payroll policies and practices, author a report detailing the status of Defendants' compliance with the FLSA, and for Defendants to provide a copy of the auditor's report to WHD, within twelve months of any injunction, judgment, or order in this action, and this lawsuit;

F.  For an Order providing such further legal and equitable relief as may be deemed necessary or appropriate;

G.  For an Order awarding the Acting Secretary the costs of this action; and

H.  For an Order awarding the Acting Secretary any other relief that the Court deems necessary and appropriate.

Dated: May 30, 2024                Respectfully submitted,


                                   SEEMA NANDA
                                   Solicitor of Labor

                                   MARC A. PILOTIN

---

COMPLAINT FOR INJUNCTION OF EMPLOYMENT OF OPPRESSIVE CHILD LABOR UNDER THE FAIR LABOR STANDARDS ACT
Case No.                                                                    Page 9

Regional Solicitor

BORIS ORLOV
Counsel for Wage and Hour

NISHA PAREKH
KARINA WEGMAN-SCHAAFF

Trial Attorneys

 */s/ Andrew M. Katz*

Senior Trial Attorney

*Attorneys for the Acting United States
Secretary of Labor*